## LYNCH et al. *v.* CRAIN.

Where the parties to an action consent that the testimony taken on the trial shall be reduced to writing by the judge in a certain manner, to serve as a statement of facts in case of appeal, and the mode adopted is as well calculated to secure a fair and accurate statement of the evidence as if the testimony had been taken down by the clerk, neither party can object to it after appeal.

An application to file an amended answer containing a call in warranty, made a year after filing the original answer, where the facts alleged in the amended answer must have been within the knowledge of the defendant before the institution of the suit, is too late, and will not justify any further delay for the purpose of bringing in the warrantor.

APPEAL from the District Court of Caddo, *Campbell*, J. *Garrett*, for the plaintiffs. *McGuire* and *Ray*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The appellant has asked that this cause be remanded for a new trial, upon the ground that it cannot be considered on the merits, for want of the evidence adduced in the court below, the absence of which he asserts is attributable to the fault of the district judge, and not to the appellant. The clerk has certified that the transcript contains all the evidence upon which the cause was tried. The transcript also shows that the district judge, at the request of the litigants whose cases were tried at that term and were applicable, reduced the testimony in the various cases to writing in a book, to serve as statements of facts in case of appeal, noting the titles of the respective causes, and closing the manuscript with his official certificate. Among the statements thus made was that of the testimony adduced at the trial of this cause. The course thus pursued by the district judge, at the request of the litigants, has been a common one; and is surely as well calculated to secure a fair and accurate statement of evidence, as if the testimony were taken down by the clerk. Having consented to that mode of preparing the case for appeal, the defendant cannot be permitted now to object to it.

There was a bill of exceptions to the refusal of the court to permit an amended answer to be filed containing a call in warranty. The defendant, who is a member of the bar, appeared in this suit in proper person. The application was made a year after the filing of the original answer, and after repeated continuances, two terms having intervened since the service of the petition. The matters alleged in the amended answer, if correctly alleged, must have been within the knowledge of the defendant before the institution of the suit; and even if they presented a case originally authorising a call in warranty, upon which we express no opinion, the court very properly considered the application as coming too late, and not justifying any further delay in the trial of the cause for the purpose of bringing in the warrantor.

The evidence forbids the imputation of the payments made by *Luckett* to the note upon which this suit is brought. *Judgment affirmed.*